**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| THE IT GROUP, INC., et al. | ) | Case No. 02-10118 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| ───────────────────────── | ) | |
| | ) | |
| INTEGRATED WATER RESOURCES, | ) | |
| INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 06-50785 (MFW) |
| | ) | |
| SHAW ENVIRONMENTAL, INC., and | ) | |
| ALIXPARTNERS LLC, as Trustee | ) | |
| of the IT LITIGATION TRUST | ) | |
| | ) | |
| Defendants. | ) | |
| ───────────────────────── | ) | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Integrated Water
Resources, Inc. ("IWR") for leave to amend its Complaint (the
"Original Complaint") against the IT Litigation Trust and
AlixPartners LLC, its Trustee (collectively, the "Trust") to add
a breach of contract Count.  For the reasons set forth below, the
Court will grant the Motion.

---

[1] This Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Rule 7052 of the
Federal Rules of Bankruptcy Procedure.

I.   <u>BACKGROUND</u>

In April 2001, IWR was a subcontractor to a prime contractor to the United States government.  IWR retained IT Corporation of California as a subcontractor for the environmental remediation of government facilities located in Cape Canaveral, Florida (the "Contract").  IWR alleges that IT Corporation breached the Contract by not completing performance by June 2001.  Moreover, IWR claims that IT Corporation never completed performance of the Contract and IWR ultimately was forced to complete the construction project itself.

On January 16, 2002, the IT Group, Inc., and its subsidiaries, including IT Corporation of California (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On January 23, 2002, the Debtors executed an agreement with Shaw Group, Inc. ("Shaw"), whereby Shaw agreed to acquire substantially all the Debtors' assets.  On April 25, 2002, the Court entered an Order approving the sale of assets to Shaw (the "Sale Order").

On April 6, 2004, the Debtors' chapter 11 plan was confirmed.  According to the plan, the Debtors' remaining assets were vested in the Trust.  AlixPartners LLC is the current Trustee of the Trust.  The Trust's duties include pursuing all avoidance actions, liquidating the Debtors' assets, and distributing payment to holders of allowed claims.

On July 20, 2005, the Court approved a stipulation to compromise controversies (the "Stipulation") between the Trust and IWR.  The Stipulation provided, among other things, that "[n]either the [Trust] nor the Debtors have assigned any claim against IWR, nor has IWR assigned any claim against the [Trust] or the Debtors."  (Stipulation at 2, ¶ 10.)  The Stipulation also contained a release clause that released IWR from all present and future claims or actions that the Trust or Debtors may have against it.  (Id. at 3-4, ¶ 3.)

On October 27, 2005, Shaw filed a complaint against IWR with respect to the Contract in the Superior Court of California, Los Angeles County, Central District, case number BC342091.  The California Court scheduled a hearing for June 15, 2007, to determine whether that action should be dismissed so that this Court may decide the issue.

On July 24, 2006, IWR filed the Original Complaint against the Trust and Shaw seeking (i) indemnification of expenses and attorney's fees incurred in defending the California action and bringing this adversary proceeding; (ii) indemnification for any liability to Shaw; (iii) determination of IWR's rights and duties under the Contract, the Sale Order, and the Stipulation; and (iv) injunctive relief against Shaw with respect to the pending action in California state court.  On July 24, 2006, IWR also filed a Motion for preliminary injunction against Shaw seeking a stay of

prosecution of the California action.  On August 16, 2006, the

Motion was granted ("Preliminary Injunction Order").  On

September 6, 2006, the Court approved a stipulation between IWR

and Shaw which extended the Preliminary Injunction Order until

such time as the Court enters a further Order in the above-

captioned proceeding.

On September 6, 2006, the Trust filed a Motion seeking

dismissal of the indemnification Count of the Complaint, as

premature or unripe.  On October 4, 2006, in response to the

Motion to dismiss, IWR agreed to dismiss that Count without

prejudice or to hold the Count in abeyance until the Court's

determination of the merits of the causes of action against Shaw.

The Trust would not agree to IWR's terms for dismissal.

On January 5, 2007, IWR filed the instant Motion for leave

to amend its Complaint against the Trust to add a breach of

contract Count asserting that if the Contract was assigned to

Shaw pursuant to the Sale Order, the Trust breached paragraph 10

and the release clause of the Stipulation.  The Trust opposes the

Motion.  Briefing on the Motion is complete.  The matter is now

ripe for decision.


II.  JURISDICTION

The Court has subject matter jurisdiction over this

adversary proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(1).

This is a core matter.  28 U.S.C. § 157(b)(2)(A).

III. <u>DISCUSSION</u>

    A.<u>   Standard of Review</u>

After a responsive pleading is served, a party may amend its complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  <u>See also</u> Fed. R. Bankr. P. 7015 (providing that Rule 15 is applicable to adversary proceedings).  The grant or denial of leave to amend is discretionary.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Absent "undue delay," "bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice," and "futility," leave to amend shall be freely given.  <u>Id.</u>  There is a general presumption in favor of granting the moving party leave to amend.  <u>Boileau v. Bethlehem Steel Corp.</u>, 730 F.2d 929, 938 (3d Cir. 1984).

    B.   <u>Motion for Leave to Amend</u>

IWR contends that the Court should exercise its discretion and grant its Motion because none of the justifications for denial of leave to amend are present and the proposed amendment relates back to the original filing date.  <u>Foman</u>, 371 U.S. at 182.  The Trust disagrees, arguing that the proposed amendment results in undue delay, undue prejudice, and futility.

1.   Undue Delay

IWR argues that the Motion, filed less than six months after the filing of the Complaint, was filed without undue delay.  See, e.g., Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) ("The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.").

The Trust argues that IWR engaged in undue delay because the proposed amendment is requested more than one year after the commencement of the California state court action.  Moreover, the Trust asserts that IWR knew of the alleged facts supporting the breach of contract claim at the time the original Complaint was filed.  The Trust contends that its ability to prepare and present its case is jeopardized as a result of the delay.  See, e.g., Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (concluding that undue delay existed where a party sought amendment three years after the original complaint and two years after the first amended complaint when the moving party knew of the facts on which the proposed amendment was based at the time of the prior pleadings).

Although there has been some delay, the Court does not agree that a delay of less than six months is "undue."  See, e.g.,

6

Lorenz, 1 F.3d at 1414 (finding undue delay when third amendment
requested three years after original complaint); Rose Hall, Ltd.
v. Chase Manhattan Overseas Banking Corp., 93 F.R.D. 858, 864 (D.
Del. 1982) (denying a motion to amend that was filed after a
formal discovery period of sixty-five days in which depositions
of twenty-one individuals were taken in six different cities and
thousands of documents were produced).  In this case, no
discovery has taken place, no scheduling order has been entered
or requested, and trial has not been scheduled.  Consequently,
the Court concludes that any delay was not "undue."

> 2.  Undue Prejudice

IWR contends that the proposed amendment arises from the
same factual allegations in the Original Complaint and,
therefore, there is no undue prejudice because the Trust is not
unfairly disadvantaged or deprived of its opportunity to defend
against the breach of contract claim.  Cuffy v. Getty Ref. &
Mktg. Co., 648 F. Supp. 802, 806 (D. Del. 1986) ("In the context
of a [Rule] 15(a) amendment, prejudice means that the nonmoving
party must show that it was unfairly disadvantaged or deprived of
the opportunity to present facts or evidence which it would have
offered" if the amendment was timely. (internal quotations and
citations omitted)).  The Trust argues that permitting amendment
would cause undue prejudice because the Trust will bear the
additional time and expense of defending against the breach of

contract claim.  See, e.g., Ross v. Houston Indep. Sch. Dist.,

699 F.2d 218, 228-29 (5th Cir. 1983) (denying amendment when the

amendment "would add new and complex issues to a case already

protracted and complicated," would require new discovery,

addition of twenty-six new parties, and pre-trial preparations

and actual trial might require several years); A. Cherney

Disposal Co. v. Chi. & Suburban Refuse Disposal Corp., 68 F.R.D.

383, 385-86 (N.D. Ill. 1975) (finding prejudice and denying

amendment where the proposed amendment was requested five years

after the case was filed, required further discovery, and

substantially changed the complaint).  The Trust further asserts

that because IWR did not substantively oppose the Trust's Motion

to dismiss, IWR conceded that it had no case against the Trust.

The Trust's argument is unpersuasive, and the cases it cites

are factually distinguishable.  To deny a motion to amend, the

Court must conclude that the defendant will suffer "substantial

or undue" prejudice.  Cureton v. Nat'l Collegiate Athletic Ass'n,

252 F.3d 267, 273 (3d Cir. 2001).  Such a high degree of

prejudice is not present in this case.  "[I]nconvenience to a

party or the strengthening of the movant's legal position does

not provide sufficient prejudice."  In re Fleming Cos., Inc., 323

B.R. 144, 148 (Bankr. D. Del. 2005).  In determining whether an

amendment will unduly prejudice a defendant, the Court must

consider whether the amendment will require new discovery,

additional cost or preparation.  Cureton, 252 F.3d at 273.

Further, "these factors must materially impact the nonmoving

party's [ability to present its] case."  Fleming, 323 B.R. at 148

(emphasis in original).

Here, neither party has engaged in discovery.  Further, the

Court has not entered a scheduling order and has not set a trial

date.  Therefore, the Trust has the ability to engage in

discovery and there is adequate time for preparation of a defense

to the new claim.  The Trust has not demonstrated that the costs

associated with preparing a defense to the breach of contract

claim are excessive.  Nor is the Court persuaded that IWR

conceded the merits of its case against the Trust in responding

to the Trust's Motion to dismiss because IWR preserved its right

to proceed against the Trust by agreeing to dismissal of its

indemnification claim only without prejudice.  Accordingly, the

Court concludes that the amendment will not cause undue

prejudice.

        3.  Futility

    The Trust argues that the proposed amendment is futile

because it fails to state a breach of contract claim upon which

relief may be granted.  In re Alpharma, Inc. Sec. Litig., 372

F.3d 137, 153 (3d Cir. 2004) (stating that leave to amend will be

denied if the amendment would be futile); In re Fleming Cos.,

Inc., 347 B.R. 163, 167-68 (Bankr. D. Del. 2006) ("Futility of

amendment exists when the claim or defense is not accompanied by

a showing of plausibility sufficient to present a triable issue.

Thus a trial court may appropriately deny a motion to amend where

the amendment would not withstand a motion to dismiss." (internal

citations omitted)).

IWR seeks to amend the Original Complaint to add the

following breach of contract count:

> 56.   Should the Court find the [Contract] was assigned
> to Shaw pursuant to the Sale Order, the IT Trust
> breached paragraphs 10 and the mutual releases of the
> Settlement Stipulation.
>
> 57.   Plaintiff is entitled to damages for any such
> breach of contract.

(Proposed Amended Complaint at ¶¶ 55-57.)   IWR has stated a claim

for breach of contract.   Neither party disputes the existence of

the Contract.   Further, if the Court determines that the Contract

was assigned to Shaw, it may also conclude that a breach of

paragraph 10 and the mutual release provisions of the Stipulation

occurred.   Moreover, the allegation that IWR is entitled to

damages if a breach of contract occurred is enough to withstand a

motion to dismiss.   See generally VLIW Tech., LLC v. Hewlett-

Packard Co., 840 A.2d 606, 612 (Del. Super. Ct. 2003) (noting

that a statement of a claim for breach of contract must include

allegations of breach of an obligation under the contract and

resulting damage to the plaintiff).   Careau & Co. v. Sec. Pac.

Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (Cal. Dist. Ct.

App. 1990) (stating the elements of a breach of contract claim

include a breach and resulting damages).  Accordingly, the Court

concludes that the proposed amendment is not futile.

Consequently, the Court will allow IWR's amendment.


IV.   CONCLUSION

For the reasons set forth above, the Court will grant IWR's

Motion for leave to amend.

An appropriate Order is attached.


Dated: March 19, 2007                    BY THE COURT:


                                         Mary F. Walrath
                                         United States Bankruptcy Judge